IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 96-30008-001 |
| ) | |
| TYRONE CARTER, ) | |
| ) | |
| Defendant. ) | |

MOTION TO MODIFY TERM OF IMPRISONMENT
PURSUANT TO 18 U.S.C. §§3582(c)(2)
AND 3661

   COMES NOW the defendant Tyrone Carter, in pro se, hereby moves this Honorable Court to grant an order modifying his term of imprisonment pursuant to 18 U.S.C. §§ 3582(c)(2); 3661.

   The defendant states the grounds in support therefor:

   1.  On February 7, 1996, the grand jury for the Central District of Illinois returned a single count indictment charging the defendant in violation of 18 U.S.C. § 922(g)(1). Doc. No. 1.

   2.  The defendant Tyrone Carter tendered a plea of not guilty to the charge on February 8, 1996 before the Honorable United States Magistrate Judge Charles H. Evans. Doc. No. 3.

   3.  On April 15, 1996, the defendant changed his not guilty plea to guilty before the Honorable Judge Richard Mills (Doc. No. 15) to counse-one of the indictment. The trial court ordered that a Presentence Report ("PSIR of PSR") be conducted. The trial court set a tentive sentencing date as of July 15, 1996.

4.  On or about July 3, 1996, the defendant's public defender namely David B. Mote filed a formal objection to the PSR contending <u>inter alia</u>, (by letter 6/24/96). Attorney for the United States did not file any objections or opposing objections to the defendant's objections. See Addendum to PSR, pp. 21. See <u>Argument</u>.

5.  On July 15, 1996, the sentencing court imposed a term of 168 months in the Bureau of Prisons, to be followed by five (5) years supervised release. Doc. No. 20.

Presentence Report:

A.  <u>Part A, Paragraph 15</u>:    <u>Base Offense Level</u>: The guideline for Felon in Possession of a Firearm, an 18 U.S.C. § 922(g)(1) offense, is found at ... § 2K2.1(a)(2) with § 4A1.1. <u>24</u>.

B.  <u>Part A, Paragraph 16</u>:    <u>Specific Offense Characteristic</u>: There is no specific offense characteristics as described .... in § 2K2.1(b). <u>0</u> .

C.  <u>Part A, Paragraph 23</u>:    <u>Total Offense Level</u>:    <u>21</u>.

D.  <u>Part A. Paragraph 24</u>:    <u>Chapter Four Enhancements</u>: The defendant is subject to an enhanced sentence under 18 U.S.C. § 924 (e) based on three qualifying violent felony convictions as shown in Part B, The Defendant Criminal History. Specifically, ... case numbers: 90CF639,[2] 91CF172 and 94CF367, all of Illinois. See also §§ 4B1.4(a) and 4B1.4(b)(3)(B), his offense level is 33. <u>33</u>.

E.  Total Offense Level After Enhancements: <u>30.</u>  See ¶. 27.

---

[2] The the district did not assess any points (as claimed under § 4A1.1) for case no. 90CF639. See Paragraph 31, pp. 11, as required by law. See <u>United States v. Casarez-Bravo</u>, 181 F3d 1074, 1076 ((9th Cir. 1997)("to qualify as a "prior felony conviction" the guidelines require that the conviction must have been "counted" separately under Sentencing Gideline § 4A1.1(a), (b), or (c) as part of the criminal history score. See id. § 4B1.2(c).

**Chapter Four Enhancements**: ".. specifically, the three convictions used to trigger this enhancement are **90-CF-639**, Burglary; 91-CF-172, Burglary; and 94-CF-367. Therefore, pursuant to USSG § 4B1.4(a), the defendant is considered an armed career criminal, and, as a result, under USSG § 4B1.4(b)( (3) (B), his offense level is 33." From levels 21 of 24 to <u>33</u> otherwise clause.

* On April 24, 1991, Tyrone Carter pled guilty to a charge of **burglary**, (720 ILCS 5/19-1), general non-residential under Illinois law. He was sentenced to forty-five (45) months of prison time to be served concurrently with Case 90CF111, (hereinafter "1991" conviction).

U.S.S.G. § 4A1.2 (cmt. n.3) was applied:   <u>0</u> points.

* On December 5, 1990, Tyrone Carter pled guilty to a charge of **theft**, (720 ILCS 5/16-1, (a)(1); sentence: (b)(5) under Illinois state law. He was sentenced to thirty-six (36) months and one-year supervision (hereinafter "1990" conviction).

U.S.S.G. § 4A1.1(a) was applied:   <u>3</u> points.

Thus, based on his determination that Tyrone Carter was an armed career criminal, the probation officer raised his criminal history category to a "VI," and the recommendation guideline range bacame 168-210 months. With a category "V" and level 24 his range would have been 92-115 months two-fold increase.

At the sentencing hearing the district court recited the three offenses listed in the PSR, <u>facts which were developed from arrest reports</u>.

The 1990 conviction is not a violent felony which the defendant contests now, and because the court did not assess the "1991" conviction under § 4A1.1(a) separately under the Federal Sentencing Guideline, as part of the criminal history, the district court

[3]

erred by including this offense, the "1990" conviction, when it sentenced Carter under the armed career offender.

However, Tyrone Carter contends that Amendment 599 extends to and precludes the district court from "double counting" by using the cross reference § 2K2.1(a)(2) and counting two prior felony[3] convictions to assessed a level 24, from 14 as being qualified as "a prohibited person;" then, using the same aggravating factors by classifying them under "violent felony" under § 4B1.4, App. n. 1, increasing the level to 33.

Effective November 2000, Amdt. 599 to the Sentencing Guidelines changed the language of Application Note 2. In 2002 the Sentencing Guidelines, Application Note 2 was changed to what is now Application Note 4.

The issue is whether Amendment 599 and the current version of precludes a district court from counting "aggravating factors" twice by cross referencing and from "crime of violence" to "violent felony" under chapters two and four.[3]

The Reason for Amendment noted one problem was the disparity and the ambiguity in meaning and purposes. By using the cross reference § 2K2.1(a)(2) to § 4B1.4 creates a greater sentence than the § 4B1.4 enhancement would allow and expand for purposes of sentencing under § 4B1.4. Compare with § 1B1.3 (Relevant Conduct) section § 4B1.4. See United States v. Brown, 332 F3d 1341, 1344-45 (11th Cir. 2003).

---

[3]. Compare § 924(e)(1) " 'violent felony' with " 'crime of violence'" under § 4B1.1, 2. Simply, if certain conduct is used to enhance a defendant's sentence under one enhancement provision, the defendant should not be penalized by the same facts under another.

[4]

## STATEMENT OF LAW

1. Section 3582(c)(2) provides that the court which imposed sentence may modify the term of imprisonment, in cases of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 29 U.S.C. § 994(o), upon motion of the defendant ... to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, ("Commission") hereafter.

2. The Commission has authorized reduction of sentences pursuant to Amendment 599 (2000) and has indicated that Amendment 599 applies retroactively. See U.S.S.G. § 1B1.10(c) (November 2000). Furthermore, Amendment 599, which effects a revision of Application Note 2 (now Note 4), is binding on federal courts. See also, U.S.S.G. Manual § 2K2.4, note 2 (2000)("prohibiting directing on point to Carter's situation").

3. Note 2 provides in pertinent part:
> "If a sentence under the guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense."

U.S.S.G. Manual § 2K2.4, note 2 (2000).

4. The purpose of this Amendment are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles.

5. Under United States v. Smith, 196 F3d 676, 679-82 (6th Cir. 1999)(a conviction under 18 U.S.C. § 922(g)(1)( qualifies as

[5]

an "underlying offense" and thus, application of an enhancement by cross referencing § 2K2.1 with § 4B1.4 is double counting.

18 U.S.C. § 3661 provides that "[N]o limitation shall be placed on the information concerning the background, character, and **conduct** of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

The defendant contends that the court limited the information it had because had it been provided with other dcouments, e.g., state sentencing transcripts, plea agreements, and information **regarding his conduct[]**, the court would not have sentenced the defendant under the provisions of the armed career criminal. See <u>Taylor v. United States</u>, 495 U.S. 575 (1990); <u>Almendarez-Torres</u>, 523 U.S. 224 (1998) which prohibits conduct considerations.

The defendant notes that <u>Almendarez-Torres v. United States</u>, came several years later.

Finally, the defendant contends that the Sentencing Guidelines provding for enhancement of defendant's base offense level "if he had two prior convictions" in connection with the § 922(g)(1) could not be applied to defendant convicted of being an armed career criminal, to extent that he had also been convicted of "violent felonies" in conjunction to his two prior convictions that were also "crimes of violence," as punishing him twice for substantially the same harm.

The court should modify his sentence and re-sentence him pursuant to § 3582(c)(2) and § 3661.

[6]

RESPECTFULLY SUBMITTED this 3 day of november, 2005.

> Tyrone Carter Defendant / Movant
> Federal Correctional Institution
> Post Office Box 1000
> Oxford, Wisconsin 53952-1000

## Certificate of Service

I certify that a true and correct copy of the foregoing MOTION TO MODIFY SENTENCE was mailed this 3 day of november 2005, by First Class Mail, with the proper postage to: John M. Waters, Clerk, 151 Federal Building, 600 East Monroe, Springfield, Illinois 62701; and James E. Beckham, Assistant US Attorney, 318 South Sixth Springfield, IL 62701-1806.

> _____
> Tyrone Carter
> Defendant, In Pro Se

[7]